**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: February 9, 2015
Date Decided: February 19, 2015

Gregory V. Varallo, Esquire
Rudolf Koch, Esquire
Kevin M. Gallagher, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801

John L. Reed, Esquire
Scott B. Czerwonka, Esquire
DLA Piper LLP
1201 N. Market Street, Suite 2100
Wilmington, Delaware 19801

Re:   *Gore v. Al Jazeera America Holdings I, Inc.*,
      Civil Action No. 10040-VCG

Dear Counsel:

I have received the Plaintiffs' Motion for Clarification Pursuant to Court of Chancery Rule 59(f), requesting clarification of the "alternative ruling" in my bench ruling of February 3, 2015, together with the Defendant's response. Because I believe that additional guidance is warranted, I will clarify that portion of the ruling.[1]   My statements regarding how the Merger Agreement appears to allocate the burden of proof for indemnification claims were limited to resolution of the Plaintiff's Motion for Judgment on the Pleadings under Court of Chancery Rule 12(c); these statements are not a holding on the meaning of any portion of the

---

[1] A motion for clarification may be granted where the Court's ruling is unclear, and such a motion is treated, procedurally as a motion for reargument under Court of Chancery Rule 59(f). *E.g., Naughty Monkey LLC v. MarineMax Northeast LLC*, 2011 WL 684626, at *1 (Del. Ch. Feb. 17, 2011).

Merger Agreement and do not preclude any party from arguing issues of contract interpretation, including the evidentiary burden that will apply at trial, in the future. To the extent the foregoing requires an Order to take effect, IT IS SO ORDERED.

<div style="margin-left: 50%;">

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

</div>